IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY W. NORWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 10-3103 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge:

The Court now considers Petitioner Larry W. Norwood's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. See (d/e 1) (Petition). For the reasons that follow, the claims asserted in the Petition and via Petitioner's amendment to the Petition are DENIED.

### 1. FACTS

In May 2010, Petitioner filed the instant Petition. The Petition alleged that Petitioner received ineffective assistance of counsel when his

1

trial counsel failed to either: (1) object to the admission of an edited digital video disc (DVD) recording of the traffic stop that led to his arrest; or (2) request that the unedited original of the DVD be played in "open court." Petitioner further alleged that his appellate counsel was ineffective for failing to present the same DVD. In November 2010, Petitioner was granted leave to amend the Petition so he could allege that his trial counsel failed to conduct an adequate investigation. See Order dated March 1, 2011. Specifically, Norwood's amended Petition alleges that his trial counsel was ineffective because counsel failed to call witnesses to challenge the validity of the traffic stop and failed to submit as evidence certain personal items.

A. The Traffic Stop

On April 24, 2006, as Petitioner traveled northbound on Interstate 55 in Sangamon Country, Illinois, Illinois State Police Trooper Nathan Miller observed Petitioner tailgating the vehicle in front of him. Furthermore, the cab of Petitioner's truck lacked proper markings such as the company name and address. For these reasons, Trooper Miller

stopped Petitioner.  Trooper Miller's vehicle was equipped with a video camera, and Miller wore an audio recording device throughout the stop. A search of the truck revealed three duffel bags of marijuana in the cab's sleeper compartment.  Trooper Miller arrested Petitioner and read Petitioner his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

    Prior to the arrest, Trooper Miller asked Petitioner why Petitioner's truck lacked appropriate markings.  Petitioner indicated that the truck had recently come back from the body shop.  When a background check revealed Petitioner's prior conviction for conspiracy to distribute more than 100 kilograms of marijuana, Trooper Miller asked to search Petitioner's truck.  Petitioner consented to the search.  While awaiting backup, Petitioner admitted to Trooper Miller that he suspected he could be stopped by police.

    Trooper Miller and other officers first searched the trailer of the truck and an attached refrigeration compartment.  They discovered the marijuana inside the front, cab portion of Petitioner's truck.

## B. The District Court Proceeding

The United States charged Petitioner with possession of 100 or more kilograms of marijuana with intent to distribute. On June 29, 2006, Petitioner filed a Motion to Suppress Evidence. Petitioner alleged the marijuana was inadmissible because he had not consented to the search of his truck cab. Petitioner also asserted that, after the search of the trailer but before the search of the cab, he withdrew his consent to a search of the remainder of the truck. Finally, Petitioner argued that Trooper Miller lacked probable cause to initiate the stop because the truck bore proper markings.

On August 21, 2006, United States Magistrate Judge Byron G. Cudmore held a suppression hearing. Prior to the hearing, the Government provided Petitioner's attorney with an audio/video DVD recording of the traffic stop. Petitioner's trial counsel submitted an affidavit stating that he and Petitioner reviewed the DVD of the traffic stop prior to June 26—nearly two months before the suppression hearing.

4

At the suppression hearing, Trooper Miller, Sergeant Terry Carter, and Norwood testified to the events of the traffic stop. The Government submitted and played portions of an edited copy of the DVD recording of the stop. Petitioner's counsel did not object to admission of the edited DVD "so long as . . . the entirety of the video [was] available to show the segments" useful to the defense. Petitioner, through his counsel, introduced separate segments of the complete DVD. At the conclusion of the hearing, Petitioner's counsel moved to have a complete DVD admitted into evidence. Judge Cudmore ordered the Government to submit a duplicate of the complete DVD to be reviewed in chambers.

On August 23, 2006, after viewing the unedited DVD, Judge Cudmore entered a Report and Recommendation recommending that suppression be denied. United States v. Norwood, No. 06-30041, 2007 WL 581819, at *6, n.2 (C.D. Ill. (Feb. 20, 2007)). Judge Cudmore found Petitioner's testimony lacked credibility. Judge Cudmore also found the testimony of the state troopers to be credible. Id. Additionally, the Report and Recommendation noted that the

5

Government provided a copy of the unedited DVD which Judge Cudmore reviewed in chambers on August 22, 2006. Id.

On September 26, 2006, the Court accepted the Report and Recommendation. Thereafter, Petitioner filed a Motion for Reconsideration. The Court denied that motion, upholding both the traffic stop and Petitioner's consent to the search of the truck cab.

On March 2, 2006, Petitioner pleaded guilty pursuant to a written Plea Agreement. By the terms of the Agreement, Petitioner reserved his right to appeal the denial of his Motion to Suppress. Petitioner was subsequently sentenced on August 8, 2006, to 120 months in prison and 8 years of supervised release.

### C. The Appellate Court Proceeding

Petitioner appealed the denial of his Motion to Suppress to the Seventh Circuit Court of Appeals. Petitioner's appellate counsel filed a brief pursuant to <u>Anders v. State of California</u>, 386 U.S. 738 (1967), asserting that no meritorious claims existed on appeal. The Seventh Circuit affirmed the denial of suppression, holding that it was frivolous

6

for Petitioner to contest either his consent or probable cause.  See United States v. Norwood, 333 Fed. Appx. 97, 99-100 (7th Cir. 2009).

## D.  The Petition

On May 3, 2010, Petitioner timely filed his Petition.  The Petition alleges ineffective assistance of trial and appellate counsel.  Petitioner clarified the grounds for relief cited in his Petition through a memorandum of law.  Petitioner raised a number of allegedly deficient acts and omissions by trial counsel.  Petitioner asserted that he was not made aware of the existence of the complete DVD until 10 days prior to his sentencing.  Further, Petitioner claimed that trial counsel failed to view the complete DVD or to allow Petitioner to view the complete DVD.  Finally, Petitioner argued that trial counsel was ineffective in neither objecting to the admission of the edited DVD nor requesting the complete DVD be played in open court.

Petitioner also argued he did not receive effective appellate counsel.  Petitioner claimed he received ineffective appellate counsel when counsel:

(1) allegedly failed to view the complete DVD; and (2) failed to argue on direct appeal that trial counsel was ineffective.

In a Motion to Amend, Petitioner further asserted that trial counsel was ineffective for failing to call as a witness during the suppression hearing a weighmaster from the weighstation through which Petitioner had most recently driven.  According to Petitioner, the weighmaster would have testified that Petitioner's truck was legally marked.  Also, trial counsel was allegedly ineffective because he did not call the service manager of a local truck dealership who would have testified that the markings Trooper Miller believed were absent were in fact not required.  Beyond this, trial counsel was allegedly ineffective because he failed to submit into evidence photos purporting to show Petitioner's truck properly marked.  Finally, Petitioner contended that trial counsel was ineffective because trial counsel failed to submit a cell phone and a log book, the contents of which would contradict the testimony of Trooper Miller and the testimony of Sergeant Carter.  Petitioner argued that a

8

video taken on his cell phone could have provided evidence that he either did not give or retracted any consent to search the truck cab.

The Government responded to the Petition and its amendments, urging the Court to deny all relief. The Government argues that the pleadings and the record of the district court proceeding establish that Petitioner was aware of the existence of the complete DVD before the suppression hearing. Therefore, the Government contends that trial and appellate counsel were not deficient because for two reasons. First, neither trial nor appellate counsel was under any obligation to present witnesses, evidence, or arguments in an attempt to support Petitioner's alleged misrepresentation of the circumstances surrounding the traffic stop and the suppression hearing. Secondly, failing to forward a claim based on a false statement of facts cannot create prejudice against a defendant. Further, the Government argued that Petitioner's amended claims are barred by the law of the case doctrine.

## II. ANALYSIS

A federal prisoner may attack the constitutionality of his sentence,

the jurisdiction of the sentencing court, the extent of the sentence imposed, or otherwise collaterally attack his sentence. See § 2255. To succeed on a § 2255 petition, a petitioner must show both: (1) a good cause excusing his failure to raise during trial or direct appeal the grounds for relief raised in his petition; and (2) actual prejudice resulting from the alleged deficiencies in his conviction. United States v. Frady, 456 U.S. 152, 167 (1982); see also, Belford v. United States, 975 F.2d 310, 313 n.2 (7th Cir. 1992) (noting that the "cause and prejudice standard" applies whether a collateral challenge is brought after trial or brought after sentencing).

Ineffective assistance of counsel may be raised in a § 2255 petition. Galbraith v. United States, 313 F.3d 1001, 1007 (7th Cir. 2002). Ineffective assistance, if proven, establishes under Frady good cause for seeking relief through a § 2255 petition. Norris v. United States, 687 F.2d 899, 903 (7th Cir. 1982); see also, United States v. Kovic, 830 F.2d 680, 684 n.9 (7th Cir. 1987).

However, while ineffective assistance of counsel may establish good

cause for seeking § 2255 relief, a petitioner must show both good cause and prejudice. <u>Williams v. United States</u>, 805 F.2d 1301, 1310 (7th Cir. 1986), <u>citing</u> <u>United States v. Griffin</u>, 765 F.2d 677, 682 (7th Cir. 1985). Even assuming that a petitioner could succeed in showing that counsel was ineffective (under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)), petitioner cannot succeed in a § 2255 petition absent a showing that any alleged deficiencies in counsel prejudiced petitioner. <u>Williams</u>, 805 F.2d at 1310. Because Petitioner in the present case cannot make such a showing of prejudice, his claims for § 2255 relief fail.

A. Effectiveness of Trial Counsel's Assistance

Here, trial counsel's alleged ineffectiveness did not prejudice Petitioner. The record conclusively shows that the unedited version of the DVD recording of the traffic stop was entered into evidence at the suppression hearing. Judge Cudmore considered this version of the DVD in chambers and made his recommendation to the district court based on what the recording contained. The affidavit provided by Petitioner's trial counsel indicates Petitioner was aware of the unedited DVD at the time

11

of the hearing and was aware that it was submitted to Judge Cudmore. Therefore, playing the DVD in "open court" could not have affected the outcome of the hearing.

Furthermore, neither the witnesses nor the evidence Petitioner alleges his trial counsel should have called or submitted to the court could have altered the outcome of the suppression hearing. Courts apply an objective reasonableness standard to an officer's belief that a traffic law is being violated when assessing the legality of a traffic stop. See United States v. Norwood, 333 Fed. Appx. 97, 99 (7th Cir. 2009), citing Florida v. Jimeno, 500 U.S. 248, 251 (1991); United States v. Bernitt, 392 F.3d 873, 877 (7th Cir. 2004). Accordingly, the question is not whether an officer's belief that a law has been violated is objectively true, but rather whether the officer's belief was objectively reasonable.

Petitioner himself admitted to Trooper Miller that the truck's markings could be a basis for a traffic stop. In the face of this statement, Petitioner cannot in good faith maintain that the stop was objectively unreasonable. As even the Petitioner noted the existence of grounds for

Trooper Miller's belief, that belief was objectively reasonable. Therefore, trial counsel was not deficient in failing to call witnesses who may have testified that Petitioner's truck was adequately marked. Such testimony had no bearing on the reasonableness of Trooper Miller's beliefs. Furthermore, inclusion of photos purporting to show the markings on the truck as they existed at the time of the stop or of a cell phone video in which Petitioner may have explained to Trooper Miller where the markings on his truck were located would have added nothing. Regardless of what the pictures showed, they would not have detracted from the objective reasonableness of Trooper Miller's decision to stop Petitioner's truck.

### B. Effectiveness of Appellate Counsel's Assistance

Petitioner alleges various omissions to support his claim of ineffective assistance of appellate counsel. Petitioner states that appellate counsel allegedly failed to view the complete DVD of the traffic stop. Petitioner also alleges that appellate counsel filed an <u>Anders</u> brief and did not argue the merits of Petitioner's appeal. Furthermore, Petitioner

contends that appellate counsel was ineffective because appellate counsel should have asserted that trial counsel was ineffective.

First, the charge that appellate counsel failed to view the complete DVD is unfounded. The only support that Petitioner offers for this conclusion is his own inference that counsel could not have viewed the complete DVD because counsel did not call the appellate court's attention to apparent discrepancies between either the edited DVD and the complete DVD or discrepancies between Petitioner's account of the traffic stop and the accounts of Trooper Miller and Sergeant Carter. However, for such an argument to prevail, the initial premise—that watching the complete DVD would reveal some form of discrepancy—must be sound. In this case, it is not. The record demonstrates that both Judge Cudmore and Petitioner's trial counsel viewed the complete DVD and did not discover any discrepancies. There is no reason to doubt this conclusion in favor of that Petitioner reached. Therefore, there is similarly no reason to follow Petitioner's logic.

In addition, failing to raise a charge of ineffective trial counsel does not here give rise to a colorable claim of ineffective appellate counsel. The filing of an <u>Anders</u> brief is not equivalent to a denial of counsel and does not give rise to any presumption of prejudice.  <u>See</u>, <u>Smith v. Robbins</u>, 528 U.S. 259, 287 (2000).  Indeed, the Supreme Court has indicated that properly filing an <u>Anders</u> brief does not expose counsel to claims of ineffectiveness.  <u>See</u> <u>Anders</u>, 386 U.S. at 745 ("such handling would tend to protect counsel from the . . . charge that he was ineffective").  On direct appeal, appellate counsel's <u>Anders</u> brief was accepted and found to be satisfactory.  <u>See</u> <u>Norwood</u>, 333 Fed. Appx. at 97.  As such, the <u>Anders</u> brief does not give rise to a colorable claim of ineffective assistance. Because appellate counsel properly filed an <u>Anders</u> brief and because Petitioner has not shown that any of the alleged deficiencies in his trial counsel or in his appellate counsel could have prejudiced him, Petitioner cannot satisfy the prejudice component of the <u>Frady</u> standard. Therefore, Petitioner cannot succeed on his Petition.

**C.  Law of the Case Doctrine**

The Government also argues that the claim Petitioner makes through amendment should be barred by the law of the case doctrine. Because ineffective assistance is a distinct ground for relief and has not been raised in previous stages of this litigation, the law of the case doctrine does not apply. See Peoples, 403 F.3d at 847 (stating the rule for application of the doctrine; a claim is only barred if it was raised previously and decided on the merits). Regardless, for reasons explained above, the amendments do not present a basis for relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court declines to issue a Certificate of Appealability. Reasonable jurists would not find it debatable that Petitioner fails to state a valid claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

THEREFORE, Petitioner Larry W. Norwood's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant

to 28 U.S.C. § 2255 (d/e 1) is DENIED. A Certificate of Appealability is also DENIED. Any pending motion is DENIED AS MOOT. This case is CLOSED.

ENTER: July 21, 2011

FOR THE COURT:

                                s/ Sue E. Myerscough
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE